**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-09-219-M |
| | ) | |
| JOSEPH WAYNE KING, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant's Motion to Dismiss Superseding Indictment and Brief in Support [docket no. 23], filed September 28, 2009. On October 7, 2009, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

I.      BACKGROUND

The Superseding Indictment charges defendant with one count of failing to register as a sex offender after previously being convicted of possession of child pornography. Upon his conviction for possession of child pornography, defendant was sentenced to a term of 30 months of incarceration and a term of three years of supervised release.

Defendant was released from custody on November 26, 2004. Following his release, defendant was required to register as a sex offender pursuant to the following: (1) the Jacob Wetterling Act, 42 U.S.C. § 14071; (2) the Sex Offenders Registration Act, Okla. Stat. tit. 57, § 590; and (3) the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250. On November 30, 2004, defendant initially registered with the Oklahoma City Police Department. He maintained and updated his registration approximately from 2004 until January 2009.

On or about late January 2009, defendant asserts his employment was terminated through no

1

fault of his own, and, as a result, he suffered financial failure and lost his residence.  From late January 2009 to early February 2009, defendant traveled to Utah, Alabama and Arizona looking for employment and places to live compliant with the aforementioned laws without success, and returned to Oklahoma.  Upon return to Oklahoma, defendant purports to have lived in his vehicle, a 2003 Ford Winstar Van.  Deeply depressed and despondent as to his employment possibilities, defendant contends that he parked his van at a truck stop, ran a hose from the exhaust pipe to the interior of the van, got back into the van and left the engine running.  An employee of the truck stop allegedly found defendant and summoned the police.

Defendant was taken to St. Anthony Hospital for assessment and later transported to a crisis intervention center where he was detained from February 13, 2009 to February 19, 2009.  After the doctors determined defendant was a threat to himself, defendant was committed to Griffin Memorial Hospital for further treatment.   On March 27, 2009, defendant was discharged from Griffin Memorial Hospital.  As part of his discharge plan, defendant was given a room at the Green Carpet Inn in Oklahoma City for one month.  During this period of time, defendant secured employment but his thirty days of free stay at the Green Carpet Inn expired.  As a result, his employer arranged for him to stay at another motel in Oklahoma City, a location incompliant with Oklahoma's residency restriction statute.

While defendant purports to have searched for a residence that was in a permissible area, he was unsuccessful.  Defendant was located and arrested on July 10, 2009 in Oklahoma City, Oklahoma.  Defendant now moves for dismissal of the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3), claiming that Oklahoma's Sex Offenders Registration Act, Okla. Stat. tit. 57, § 590 which prohibits registered sex offenders from residing in certain areas, is

unconstitutional.

II.    DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 12(b)(3), motions alleging defects in instituting the prosecution and/or the Superseding Indictment must be raised before trial.  Defendant contends that Oklahoma's Sex Offenders Registration Act, Okla. Stat. tit. 57, § 590, which restricts where registered sex offenders can reside, is violative of the Supremacy Clause of the United States Constitution.  Specifically, defendant contends Oklahoma's residency restriction statute conflicts with the federal Sex Offender Registration and Notification Act and that the conflict is such that a person cannot comply with both federal and state law.  Defendant further asserts that Oklahoma's residency restriction statute stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress and the federal Sex Offender Registration and Notification Act.

Section 590 is part of the Sex Offenders Registration Act, originally enacted in 1989.  *See* Okla. Stat. tit. 57, § 581, *et seq*.  The Act applies to "any person residing, working or attending school within the State of Oklahoma" who has been convicted of, or received a suspended sentence or other probationary term for, the commission or attempted commission of certain sex crimes. Okla. Stat. tit. 57, § 582(A).  In 2003, the Oklahoma Legislature amended the Act to include Section 590, which prohibited registered sex offenders from residing within a 2,000 foot radius of a school or educational institution.  In June 2006, the Oklahoma Legislature amended Section 590, broadening the scope of the residency restriction to prohibit registered sex offenders from living within a 2,000 foot radius of not only schools and educational institutions, but also of any playground, park, or child care facility.  Specifically, the current version of Section 590 states as follows:

A.      It is unlawful for any person registered pursuant to the Sex Offenders Registration Act to reside, either temporarily or permanently, within a two-thousand-foot radius of any public or private school site, educational institution, a playground or park that is established, operated or supported in whole or in part by city, county, state, federal or tribal government, or licensed child care center as defined by the Department of Human Services.  Establishment of a day care center or park in the vicinity of the residence of a registered sex offender will not require the relocation of the sex offender or the sale of the property.   On the effective date of this act, the distance indicated in this section shall be measured from the nearest property line of the residence of the person to the nearest property line of the public or private school site, educational institution, playground, park, or licensed child care facility; provided, any nonprofit organization established and housing sex offenders prior to the effective date of this provision shall be allowed to continue its operation.

* * *

D.      Any person willfully violating the provisions of this section by intentionally moving into any neighborhood or to any real estate or home within the prohibited distance shall, upon conviction, be guilty of a felony punishable by a fine not to exceed Three Thousand Dollars ($3,000.00), or by imprisonment in the custody of the Department of Corrections for a term of not less than one (1) year not more than three (3) years, or by both such fine and imprisonment. Any person convicted of a second or subsequent violation of this section shall be punished by a fine not to exceed Three Thousand Dollars ($3,000.00), or by imprisonment in the custody of the Department of Corrections for a term of not less than three (3) years, or by both such fine and imprisonment.

Okla. Stat. tit. 57, § 590.

A person violates the federal Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 when he is (1) required to register as a sex offender under the Act; (2) by reason of a conviction under Federal law; and (3) knowingly fails to register or update a registration under the Act's requirements.

The Supremacy Clause provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the

Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, and Thing in the Constitution or Laws of any State to the Contrary notwithstanding."   U.S. Const. art. VI, cl. 2.   "Consistent with that command, we have long recognized that state laws that conflict with federal law are 'without effect.'"   *Altria Group, Inc. v. Good*, 129 S.Ct. 538, 543 (2008) (internal citation omitted).   "Of course, a state statute is void to the extent it actually conflicts with a federal statute; and a conflict will be found where compliance with both federal and state regulations is a physical impossibility."   *Edgar v. MITE Corp*., 457 U.S. 624, 631 (1982) (internal citations and quotations omitted).   In addition, even in the absence of a direct conflict between state and federal law, a conflict exists if the state law is an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.   *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372-73 (2000).

Furthermore, the United States Supreme Court has:

> suggested that the coexistence of federal and state regulatory legislation should depend upon whether the purposes of the two laws are parallel or divergent.  This Court has, on the one hand, sustained state statutes having objectives virtually identical to those of federal regulations, and has, on the other hand, struck down state statutes where the respective purposes were quite dissimilar.  The test of whether both federal and state regulations may operate, or the state regulation must give way, is whether both regulations can be enforced without impairing the federal superintendence of the field, not whether they are aimed at similar or different objectives.

*Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142 (1963).

Defendant asserts he did not register as a sex offender, because to do so would have immediately subjected him to penalties under Oklahoma's residency restriction statute. Furthermore, defendant contends that the Oklahoma Legislature has implemented such a restrictive residency prohibition that it has created an obstacle to his compliance with the federal sex offender

registration requirements.[1]  As his argument goes, if one resides, either temporarily or permanently, in a prohibited area and registers truthfully, a violation of *state* law occurs.  If one resides, either temporarily or permanently, in a prohibited area and registers truthfully, a violation of *federal* law occurs.  Furthermore, defendant argues if one fails to register or fails to update one's registration, a violation of *federal* law occurs, and if one is a transient living in a motel, simultaneous compliance with the *state* and *federal* laws becomes impossible.  Defendant states, therefore, that Oklahoma's two thousand foot radius ban conflicts significantly with the Sex Offender Registration and Notification Act, obstructs compliance with the federal law and is violative of the Supremacy Clause of the United States Constitution.

Having reviewed the parties' submissions, the Court finds unavailing the argument it is impossible to comply with both the relevant federal and state laws.  The mere fact it is extremely difficult to comply with both laws due to the limited geographical zone of diameter where defendant may reside, does not render it impossible to comply with both laws.  There are no existing regulations mandating that a sex offender must live in a particular area of the city or on a particular street.  While the residency restriction requirements may be inconvenient, the Court finds that the residency restrictions imposed by the pertinent federal and state laws are constitutional because no conflict is posed in complying with both laws.

Further, even assuming there is a direct conflict in complying with both the federal and state laws, the Court finds that the state law is not an obstacle to the accomplishment and execution of the

---

1 According to defendant, "[s]tatistics and mapping from the Oklahoma City Police Department Sex Offender Registration Unit Office show that Oklahoma's residency restriction statute's two thousand foot radius effectively bans registered sex offenders from residing in over 80% of the Oklahoma City metropolitan area.  Oklahoma City law enforcement officials reported that since the 2005 state residency restriction law went into effect, less than 16 percent of the Oklahoma City area is available for sex offenders to live, and most of that consists of land surrounding industrial areas that does not have residential housing.  This 4,000 foot diameter zone makes it extremely difficult, if not

full purposes and objectives of Congress.  The purpose of the federal Sex Offender Registration and Notification Act is to "protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, to promote Internet safety…."  Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, 120 Stat. 587 (codified as amended in 18 U.S.C. § 2250).  Similarly, the statement of purpose of the state Sex Offenders Registration Act is to protect: (1) the children and others from the high risk of re-offending after the sex offender is released from custody, (2) the state's interest in public safety, and (3) public safety by identifying sex offenders and alerting the public when necessary.  *See* Okla. Stat. tit. 57, § 590.  The Court finds that, at best, some of the purposes of these laws are parallel and that even if the other remaining purposes are construed as being divergent, both the federal and state regulations can be enforced without impairing the federal superintendence of the field.

III.     CONCLUSION

Accordingly, the Court denies defendant's motion to dismiss the Superseding Indictment.

**IT IS SO ORDERED this 9th day of October, 2009**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

impossible, to find a suitable place for a person required to register as a sex offender to reside."  Motion, at 5-6.